IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 09-20432 |
| **ANTHONY GRAY,** | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM ON ORDER DENYING DEFENDANT'S MOTION TO RECONSIDER**

On March 5, 2010, the Court denied Defendant Anthony Gray's ("Defendant") motion to reconsider its order denying Defendant's motion to suppress evidence. (D.E. #48.) The Court now issues this memorandum setting forth the reasons for its decision.

Defendant contends that the Government failed to carry its burden of proof regarding Officer Timothy Barnes' adherence to the Memphis Police Department's ("MPD") towing policy. Specifically, Defendant argues that the options with respect to the decision to tow a vehicle were not explained to Defendant in contravention of police policy. The pertinent portion of the MPD towing policy upon which Defendant relies reads as follows:

> When an officer arrests a defendant and the defendant's vehicle is not needed as evidence, the officer is required to allow the defendant to leave the vehicle at the scene of arrest if the defendant so desires and it is legally parked. The defendant cannot, however, park a vehicle on private property without the consent of the property owner/management. The defendant may authorize a third party at the scene who is not under arrest to legally park the vehicle. The defendant will not be allowed to move his vehicle once he has been arrested. Under no circumstances will an officer on the scene drive the vehicle with or without the owner's consent.

The options must be explained to the defendant before the decision to tow is made.  If a vehicle cannot be legally parked, left on private property with permission, or released to a third party, then the vehicle should be towed to Vehicle Storage.  (Govt's Response to Mot to Suppress at 14, citing Memphis Police Department Policy and Procedures, Chap. III at 3-4.)

The Court notes that neither the Government nor Defendant elicited testimony with respect to this particular aspect of the towing policy at the hearing.  However, the Court finds that even if the options with respect to towing the vehicle were not explained to Defendant, this alleged error would be harmless, as the evidence presented shows that the Defendant did not have any options with respect to the towing.  First, Defendant's car was partially parked on private property, and he was not permitted to park on private property without consent.  Second, there was no evidence at the hearing that the Defendant had another individual with him who could have moved the vehicle on his behalf.  Finally, the tow ticket for the vehicle shows that Defendant was not its owner.  (Hearing on Mot. to Suppress Ex. 3.)

Thus the Court finds Defendant's motion is not well taken and that Officer Barnes performed a legal inventory search.  Defendant's motion is **DENIED**.

**IT IS SO ORDERED** this 22nd day of March 2010.

s/Bernice Bouie Donald  
**BERNICE BOUIE DONALD**  
**UNITED STATES DISTRICT JUDGE**
